## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID SUBIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:04 CV 484 |
| v. | ) | |
| | ) | |
| INDIANA STATE POLICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

David Subil, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 and "Bivens". Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. When determining whether a prisoner's complaint fails to state a claim upon which relief can be granted, courts apply the same standard under § 1915A as they would when addressing a motion to dismiss under FED.R.CIV.P. 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). Therefore, Mr. Subil's claim may be dismissed "only if it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (internal quotation marks and citations omitted). However, as "[a]llegations of a pro se complaint are held to less stringent

standards than formal pleadings drafted by lawyers," Mr. Subil's complaint shall be

"liberally construed." *Id.* (internal quotation marks and citation omitted).

As noted above, Mr. Subil brings this action under 42 U.S.C. § 1983 which

provides a cause of action to redress the violation of federally secured rights by a

person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir.

1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by

the Constitution and laws of the United States, and must show that a person acting

under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42

(1988). "These elements may be put forth in a short and plain statement of the claim

showing that the pleader is entitled to relief." *Alvarado*, 267 F.3d at 651 (citing

FED.R.CIV.P. 8(a)(2)).

In his complaint, Mr. Subil alleges that his hotel room and vehicle were searched

in violation of the Fourth Amendment. This court has already addressed these same

issues in a detailed opinion written by the Honorable Rudy Lozano on July 21, 2005,

which denied a motion to suppress filed in Mr. Subil's criminal case. *See United States v.*

*Subil*, 2:04 CR 29 (N.D. Ind. filed December 18, 2002), at docket # 194. Ultimately, this

court found that Mr. Subil lacked standing to challenge the search of the hotel room

because his

> exclusive right to privacy in room 1109 lapsed prior to the police search,
> and Subil lacked a legitimate expectation of privacy in room 1109 at the
> time of the search.

2:04 CR 29, docket # 194, at 15. In that same opinion, this court also found that

> the Indiana State Police had probable cause to believe that [Mr. Subil's]
> vehicle contained contraband - including evidence of Defendant's aliases,
> his true identity, and documents related to his arrest for credit card fraud.

2:04 CR 29, docket # 194, at 20.

The findings of this court in *United States v. Subil*, 2:04 CR 29 (N.D. Ind. filed December 18, 2002) demonstrate that Mr. Subil's complaint does not state a claim for which relief can be granted. Therefore, for the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

**Enter**: August 3, 2005

_____s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT